SKYVIEW DISTRIBUTING, INC., a
Utah Corporation,
Plaintiff-Appellant,

v.

MILLER BREWING COMPANY, a Wisconsin Corporation, and Star Distributing Company, a Utah Corporation, Defendants-Appellees.

No. 78–1476.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Jan. 21, 1980.

Decided April 4, 1980.

Warren Patten, Salt Lake City, Utah (Charles B. Casper and Fabian & Clendenin, Salt Lake City, Utah, with him on brief), for plaintiff-appellant.

Kenneth W. Yeates, Salt Lake City, Utah (Van Cott, Bagley, Cornwall & McCarthy, and Gerald R. Miller and Ann L. Wassermann, Salt Lake City, Utah, on brief), for defendants-appellees.

Before HOLLOWAY, McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is an action brought by Skyview Distributing, Inc., a Utah corporation, seeking treble damages and attorney's fees for violation of Sections 1 and 2 of the Sherman Act. 15 U.S.C. §§ 1 and 2. The named defendants are Miller Brewing Company, a Wisconsin corporation, and Star Distributing Company, a Utah corporation. Skyview also sought damages, under pendant state-law theories, for breach of contract, misrepresentation, and intentional interference with contractual relations. The antitrust claims and the pendant claims arose from a single series of events.

The two defendants responded to the complaint by filing a motion to dismiss for failure to state a claim cognizable under the Sherman Act. The district court granted the motion to dismiss, holding that the complaint failed to allege a combination or conspiracy cognizable under Section 1 of the Sherman Act, and that it failed to allege public injury. With leave of court, Skyview filed an amended complaint which included additional allegations of public injury flowing from defendants' allegedly anti-competitive conduct. The amended complaint, on motion, was also dismissed. In dismissing the amended complaint, the district court indicated that the amended complaint "refined and improved" the allegations in the original complaint concerning public injury. Accordingly, the district court dismissed the amended complaint on the sole ground that it failed to allege a combination, conspiracy or concert of action on the part of the two defendants. Skyview now appeals the dismissal of its action. We reverse.

We accept Skyview's framing of the narrow issue presented on appeal, namely, whether the district court erred in dismissing Skyview's complaint for failure to allege a combination or conspiracy within the meaning of Section 1 of the Sherman Act. By thus framing the issue, Skyview has effectually abandoned its Section 2 claim, although it has not abandoned its pendant state-law claims.

At the outset, it should be emphasized that the action was dismissed on a motion to dismiss. Not only was there no trial, there apparently has been no discovery. Certain affidavits were before the court in connection with the defendants' motion to dismiss, but the district judge expressly stated that in granting the motion to dismiss he was *not* in anywise relying upon any affidavit, and that the motion to dismiss was *not* to be regarded as a motion for summary judgment. It is clear, then, that the district judge was of the view that neither the complaint, nor the amended complaint, within their four corners, set forth a claim upon which relief could be granted. Accordingly, the complaint and amended complaint shall be examined in detail.

We agree with the district court that the difference between the complaint and the amended complaint relates to the allegations concerning public injury and the anti-competitive impact of defendants' actions. We need not here concern ourselves with those allegations, however, since such were not the basis for the district court's action. As indicated, the basis for the district court's dismissal of the action was the failure of both the complaint and the amended complaint to allege any "concerted action" on the part of the defendants which would indicate that they were "combining or conspiring parties." We do not agree with the analysis of the complaint.

From the complaint (and the amended complaint) we learn that in 1973 Miller Brewing granted Skyview a distributorship for Miller products, including Miller's beer, Miller's Lite, and Lowenbrau, for designated areas in Utah, but *not* including the Salt Lake City area. Skyview was an independent wholesale distributor, and also distributed beer manufactured by several of Miller's competitors. According to the complaint, in early 1976 Miller determined to institute a policy of eliminating those distributors who carried competing beers, and to replace them with distributors who would only carry Miller's products. The reason for this proposed change was said to be a desire by Miller to deprive its competitors of local Utah distributors and thereby restrain trade and give Miller greater power to fix prices and otherwise exercise control over the market. In connection with this change in policy, and by way of build-up, Miller first terminated the existing Miller distributorship for the Salt Lake City area, and then induced Skyview to accept the Miller distributorship for the Salt Lake City area. According to the complaint, Miller induced Skyview to thus expand, even though it fully realized that Skyview was under-capitalized, with promises that Skyview would be granted favorable credit terms and other concessions, if it thus assumed the Salt Lake City area.

It is further alleged that in the spring of 1977, in furtherance of its overall scheme,

Miller Brewing Company caused the Star Distributing Company to be formed for the express purpose of eventually taking over Skyview's distributorship, with Star to eventually become the Utah distributor for Miller products on an exclusive basis. Thereafter, according to the complaint, Miller and Star combined, conspired and agreed to eliminate Skyview as a Miller distributor in Utah. Specifically, the complaint stated that Star joined forces with Miller, adopting Miller's prior plan of action, and that thereafter Miller, acting pursuant to the understanding between itself and Star, first refused to sell beer to Skyview, then terminated Skyview's beer distributorship, and thereafter granted Star an exclusive distributorship for Utah. As a result of defendants' actions, according to the complaint, Skyview was "eliminated" from the wholesale distributorship business, and competitors of Miller's were in fact unable to compete with Miller in the local market.

Section 1 of the Sherman Act provides that a combination in restraint of trade is unlawful. 15 U.S.C. § 1. The basis for the district court's dismissal was a belief that the allegations regarding any combination, conspiracy, or agreement between Miller Brewing and Star Distributing Company were insufficient. The district court indicated that the wrong complained of resulted from the unilateral action of Miller Brewing, and that Star Distributing got into the picture "too late in the day." In other words, the district court was of the view that the real injury to Skyview occurred before Star was created, at a time when there was in reality only one actor. In thus holding, the district court read the complaint too narrowly.

A conspiracy or combination under Section 1 necessarily involves more than one actor, who entered into a combination or conspiracy in restraint of trade. *Albrecht v. Herald Co.*, 390 U.S. 145, 88 S.Ct. 869, 19 L.Ed.2d 998 (1967) and *American Tobacco Co. v. United States*, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575 (1945). It is true that in the instant case the plan which

was said to be in restraint of trade was conceived by Miller Brewing. However, according to the complaint, in order to bring the plan to fruition, Miller caused a separate entity to be brought into being, Star Distributing. Thereafter, Miller and Star acted in concert, with Miller, after having previously encouraged Skyview to overexpand into the Salt Lake City area, abruptly terminating its relationship with Skyview, and then granting, and Star accepting, an exclusive distributorship for Utah. In its order the district court indicated that Star was created only three days before Miller terminated its distributorship with Skyview. We find nothing in the complaint to indicate that such was the case, although Skyview in its brief apparently concedes that such is correct. Be that as it may, three days is ample time for a conspiracy in restraint of trade to come into being.

We recognize the general rule that the mere substitution of one distributor for another, in the absence of any arrangement restraining trade or competition, does not violate the Sherman Act. *Ricchetti v. Meister Brau, Inc.*, 431 F.2d 1211 (9th Cir. 1970), *cert. denied*, 401 U.S. 939, 91 S.Ct. 934, 28 L.Ed.2d 219 (1971); *Scanlan v. Anheuser-Busch*, 388 F.2d 918 (9th Cir.), *cert. denied*, 391 U.S. 916, 88 S.Ct. 1810, 20 L.Ed.2d 654 (1968); and *Ace Beer v. Kohn, Inc.*, 318 F.2d 283 (6th Cir.), *cert. denied*, 375 U.S. 922, 84 S.Ct. 267, 11 L.Ed.2d 166 (1963). However, in the instant case the complaint sets forth more than *mere* substitution of a distributorship and asserts that the substitution of Star for Skyview was designed to adversely affect Miller's competitors and that in fact it did stifle Miller's competition. In short, the complaint, and amended complaint, are legally sufficient to withstand a motion to dismiss under Fed.R.Civ.P. 12(b).

By our resolution of the matter, we are not indicating the ultimate outcome of the controversy. Whether Skyview can *prove* a Section 1 violation remains to be seen. We are holding, however, that the complaint *alleges* a Section 1 violation with sufficient particularity to successfully resist a motion to dismiss.

Judgment reversed and case remanded for further proceedings consonant with the views herein expressed.